Peck, J.
This entire action is based on the so-called “frequenter statutes” of Ohio. If they are not applicable here, the verdict and judgment cannot stand, as no other basis for liability on the part of Krill is urged by the plaintiff or was relied on by the courts below. These statutes (now Sections 4101.01, 4101.11 and 4101.12, Revised Code) were enacted pursuant to Section 34, Article II of the Constitution of Ohio, which provides:
“Laws may be passed fixing and regulating the hours of labor, establishing a minimum wage, and providing for the comfort, health, safety and general welfare of all employees; and no other provision of the Constitution shall impair or limit this power.”
Section 4101.01, Revised Code, contains definitions of terms, including the following:
“(A) ‘Place of employment’ means every place * * * where either temporarily or permanently any industry, trade, or business is carried on * * * and where any person is directly or indirectly employed by another for direct or indirect gain or profit * * *.
6 i # # #
“(C) ‘Employer’ means every * * * corporation * * * having control or custody of any employment, place of employment, or employee.
í i * # #
“ (E) ‘Frequenter’ means every person, other than an employee, who may go in or be in a place of employment under circumstances which render him other than a trespasser.”
Section 4101.11 provides:
“Every employer shall * * * furnish a place of employment which shall be safe for the employees therein and for the frequenters thereof * * *.”
Section 4101.12, captioned “Duty of employer to furnish safe place of employment, ’ ’ names other duties owed by an employer to employees and frequenters.
*120 Under the broad statutory definition quoted above, there can be no question that the plaintiff, who was neither an “employee” of Krill nor a “trespasser,” could have stood in the position of a “frequenter” as to someone. The question remains, however, as to whether he stood in the position of a frequenter as to Krill, within the meaning of these statutes. This must be decided by determining whether the plaintiff was a frequenter of a place of employment which was under the custody and control, or at least under the control, of Krill.
In attempting to establish a duty on the part of Krill owed to plaintiff as a frequenter, the plaintiff urges the applicability of the decision in Bosjnak v. Superior Sheet Steel Co., 145 Ohio St., 538, 62 N. E. (2d), 305 (as a matter of fact, that is the only case cited by the plaintiff in his brief in this court). The first paragraph of the syllabus of that case reads as follows:
“1. An employee of an independent contractor, while engaged in the erection of a building upon premises, the possession and control of which are retained by the owner, is an invitee to whom the owner owes the duty of exercising ordinary care to maintain the premises in a reasonably safe condition for use in a manner consistent with the invitation, and to inform the invitee of hazardous conditions of the premises and of activities thereon unknown by and not obvious to the invitee.”
Clearly, for liability to attach on the basis of the law enunciated in that paragraph, “possession and control” of the premises must have been in Krill. There is no evidence to support such a conclusion. Krill was not carrying on an “industry, trade or business” in the particular area in which the plaintiff was working at the time of his injury (Section 4101.01), and it most assuredly did not have any person either directly or indirectly employed on the premises, the only persons working there being the plaintiff and other employees of Downie which was bound by contract to do painting in conformity with certain plans and specifications. Downie was answerable to Krill under the contract, but Krill could have asserted no authority over Downie’s workers as an employer, as certainly it was not.
In denying the applicability of the Bosjnak case, supra, Krill cites three other cases decided by this court, in each of which the defendant was found to be entitled to judgment as a *121 matter of law. Those cases are Davis v. Charles Shutrump & Sons Co., 140 Ohio St., 89, 42 N. E. (2d), 663, Wellman v. East Ohio Gas Co., 160 Ohio St., 103, 113 N. E. (2d), 629, and Schwarz v. General Electric Realty Corp., 163 Ohio St., 354, 126 N. E. (2d), 906. The three cases just cited, the Bosjnah case and the present case present points of similarity and of dissimilarity, but clearly the present case may be more accurately aligned with the Davis, Wellman and Schwarz cases than with the Bosjnah case. Indeed, the latter case stands alone in presenting a situation in which the plaintiff was not doing his usual work at the time of his injury, in which neither the plaintiff nor his fellow workers knew of the dangerous condition, and in which the defendant’s employees had actual knowledge of the impending disaster and were in a position to warn the defendant. It was under those circumstances that it was held that a jury question was presented,' but none of those circumstances existed here.
It is the contention of the plaintiff here that the injury which he suffered resulted from the inoperative condition of the brakes on some of the casters of the scaffold, from the lack of a guardrail around the top of the scaffold, from an improper covering over the pit in the floor, or from a combination of these circumstances. The possibility that the scaffold itself might have been a “place of employment” under Krill’s custody and control we reject. Downie’s contract required it to “furnish” the equipment necessary for performance, but Downie took the alternative of using Krill’s scaffold, which under the express terms of the contract was done at Downie’s “own risk and responsibility.” The scaffold was transported piecemeal from another part of the plant to the point of assembly and put together by two Downie employees. If any of the casters were equipped with inoperative brakes, that fact could and should have been then ascertained, and there is nothing in the record to indicate that Krill knew or had an opportunity to know of any defective condition which may have existed. One of these two men, the plaintiff’s foreman, testified that they did not put a guardrail around the top of the scaffold because of the difficulties which it caused in hindering free handling of the air and paint hoses. As with the other points at issue, the record is *122 not entirely clear as to the exact condition of the covering over the open pit in the floor, but the potentialities for mishap were open to observation by the plaintiff, and there is nothing in the record to even indicate that Krill had not in fact covered the pit completely. However it becomes unnecessary to determine whether any combination of circumstances of these three areas of alleged negligence could impose liability on Krill under the frequenter statutes if they are not applicable here.
As previously indicated we have no evidence to indicate that plaintiff was working in a place of employment which was under the custody and control of Krill within the meaning of the definition in Section 4101.01. Where an employee of a subcontractor is working in a place of employment of which the general contractor does not have either custody and control or the right thereto, and where such general contractor has no control over such, employee or his employment, the frequenter statutes do not apply.
The judgment of the Court of Appeals is reversed, and final judgment is rendered for Krill.

Judgment reversed.

Weygandt, C. J., Zimmerman, Taft, Matthias, Bell and Herbert, JJ., concur.